UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THEDFORD LEON KERSH,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>JOSIE GASTELO,<br><br>　　　　　Defendant. | Case No. 2:21-cv-01921-CAS-JDE<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

　　This Report and Recommendation is submitted to the Honorable Christina A. Snyder, United States District Judge, under 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**I.**

**BACKGROUND**

　　On March 1, 2021, Plaintiff Thedford Leon Kersh ("Plaintiff"), a California prisoner housed at California Men's Colony State Prison ("CMC"), proceeding pro se and granted in forma pauperis status, filed a civil rights Complaint under 42 U.S.C. § 1983 ("Section 1983" or "§ 1983") against Josie Gastelo ("Gastelo"), former warden of CMC, in her individual capacity. Dkt.

1 at 1-6 ("Complaint"). Plaintiff alleged Gastelo violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to reduce dorm capacity from sixty inmates per dorm to twenty to decrease the transmission of COVID-19 at CMC. Complaint at 3, 5.

On December 8, 2021, Gastelo filed a Motion to Dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that: (1) the Complaint fails to allege sufficient facts to state a cognizable Eighth Amendment claim; and (2) Gastelo is entitled to qualified immunity. Dkt. 29. The undersigned issued a report and recommendation on February 28, 2022, recommending that the Motion to Dismiss be granted in part, with leave to amend, which was adopted by Judge Snyder on April 6, 2022. Dkt. 39, 43.

On April 14, 2022, Plaintiff filed a First Amended Complaint, adding D. Samuel ("Samuel"), Chief Deputy Warden, as a defendant. Dkt. 45 ("FAC"). The FAC alleges Eighth and Fourteenth Amendment violations against Gastelo and Samuel (collectively "Defendants") in their individual capacity for failing to require social distancing in CMC's dorms. Id. at 5 (CM/ECF pagination). Defendants thereafter filed an answer to the FAC. Dkt. 54.

On July 5, 2022, Defendants moved for judgment on the pleadings on two grounds: (1) the FAC fails to state a constitutional claim; and (2) Defendants are entitled to qualified immunity. Dkt. 57 ("Motion"). Plaintiff filed an opposition to the Motion on July 25, 2022. Dkt. 58 ("Opposition" or "Opp."). Defendants filed a reply brief in support of their Motion on August 11, 2022. Dkt. 59 ("Reply").

The Motion is now fully briefed. For the reasons set forth below, the Court recommends the Motion be granted and the FAC be dismissed with prejudice.

## II.

## RELEVANT ALLEGATIONS

The following allegations are taken from the FAC and its attachments, which the Court considers herein.[1] See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

Plaintiff alleges Defendants violated his Eighth and Fourteenth Amendment rights by failing to follow state and federal guidelines to reduce dorm capacity from 60 inmates per dorm to 20 inmates to provide for six feet of distance between beds. FAC at 9. He claims Defendants' failure to comply with these guidelines resulted in the rapid transmission of COVID within CMC, causing two preventable inmate deaths. Id. at 9. Plaintiff contends Defendants acted with deliberate indifference by failing to require all beds to be placed six feet apart after a COVID outbreak in the East dorm. Id. at 15, 19. Plaintiff also alleges Defendants knew of the presence of black mold in dorm two, which, along with COVID transmissibility, created a dangerous living situation for inmates. Id. at 17, 19. Plaintiff filed a grievance with CMC detailing his concerns with CMC's handling of COVID on July 18, 2022, which Samuel denied. Id. at 9. Plaintiff contends Samuel acted with deliberate indifference by allowing Plaintiff's grievance appeal to expire so as to preclude CMC from being required to respond to Plaintiff's claims. Id. at 19.

---

[1] Plaintiff's Opposition asserts several facts not included in the FAC. In ruling on a Rule 12(c) motion for judgment on the pleadings, the Court "is limited to material included in the pleadings, as well documents attached to the complaint, documents incorporated by reference in the complaint, and matters of judicial notice, unless the [c]ourt elects to convert the motion into one for summary judgment." Ryan v. Salisbury, 382 F. Supp. 3d 1031, 1046 (D. Haw. 2019) (footnote omitted); see also VIZIO, Inc. v. Gemtek Tech. Co., 2014 WL 12691575, at *3 (C.D. Cal. Jan. 21, 2014) (finding that new facts raised in opposition are not appropriate to consider on a motion for judgment on the pleadings, as "[s]uch allegations belong in [p]laintiff's pleadings, not in an opposition"). The Court only considers the new facts raised in the Opposition for assessing whether further leave to amend should be granted.

      Plaintiff also claims at some point he became "very sick" and tested positive for COVID, resulting in him being placed in quarantine. FAC at 9. He contends he continues to suffer the effects of having contracted COVID, including loss of smell and taste, fatigue, muscle aches, poor appetite, and a "serious cough." Id. He blames Gastelo for his illness, claiming he would not have contracted COVID had Gastelo acted in accordance with the Center for Disease Control and Prevention's ("CDC") guidelines to allow for six-feet social distancing in the dorms. Id.

      Plaintiff further contends Gastelo misrepresented the dorm configuration to "Head-Office" by ordering her staff to take photographs of an area of the dorm with beds placed six-feet apart from one another when in actuality only seven areas of the dorm have beds placed six-feet apart and all other beds are placed two-feet apart. FAC at 11. Plaintiff attached two photos to the FAC to show the dorm layout: one of a bed and a locker with the caption "6' BED SPACE—ONLY 7 PER DORM'S" (Ex. A), and the other of a dorm corridor with three beds pushed against the wall with the caption "2' BED SPACE" (Ex. B). Id. at 25, 27.

      Plaintiff requests $75,000 in compensatory damages and $75,000 in punitive damages, and seeks an injunction ordering CMC to place all dorm beds four-feet apart rather than two-feet apart to prevent the spread of COVID. FAC at 11, 21. Plaintiff attached a proposed dorm layout for reference. Id. at 15, 33. He also requests the Court order two health inspectors to visit the CMC dorms to evaluate the health and safety conditions, and seeks to impose a two-year compliance monitoring period, culminating in CMC being ordered to obtain certification from the National Commission on Correctional Health Care. Id. at 21.

//
//

# III.
# LEGAL STANDARD

Judgment on the pleadings is proper if the moving party "clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that [the moving party] is entitled to judgment as a matter of law." Hal Roach Studios v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989); see also Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., 132 F.3d 526, 528 (9th Cir. 1997). The Court has discretion to grant leave to amend and may dismiss claims rather than grant a motion for judgment on the pleadings brought under Rule 12(c) of the Federal Rules of Civil Procedure (singularly herein, "Rule"). See Lonberg v. City of Riverside, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004); Carmen v. San Francisco Unified Sch. Dist., 982 F. Supp. 1396, 1401 (N.D. Cal. 1997).

Rule 12(c) provides that a motion for judgment on the pleadings is appropriate "[a]fter the pleadings are closed." The "pleadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming . . . that no counterclaim or cross-claim is made." Doe v. United States, 419 F.3d 1058, 1061 (9th Cir. 2005). Generally, a court may not consider material beyond the pleadings without converting the motion to a motion for summary judgment. See Rule 12(c); Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 979-80 (9th Cir. 1999). Where the motion for judgment on the pleadings raises the defense of failure to state a claim, the motion is governed by the standards used to assess the sufficiency of the complaint under Rule 12(b)(6). McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).

Rule 12(b)(6), permitting dismissal for failure to state a claim upon which relief can be granted, is read in conjunction with Rule 8(a), which requires a short and plain statement of the claim showing that the pleader is

entitled to relief. See Zixiang Li v. Kerry, 710 F.3d 995, 998-99 (9th Cir. 2013). "Rule 8 requires plaintiffs to include enough facts 'to raise a right to relief above a speculative level,' and . . . 'a formulaic recitation of the elements of a cause of action will not do.'" Whitaker v. Tesla Motors, Inc., 985 F.3d 1173, 1176 (9th Cir. 2021) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). Thus, "[t]aken together, Iqbal and Twombly require well-pleaded facts, not legal conclusions . . . that 'plausibly give rise to an entitlement to relief' . . . . The plausibility of a pleading thus derives from its well-pleaded factual allegations." Whitaker, 985 F.3d at 1176 (quoting Iqbal, 556 U.S. at 679).

In determining whether a complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to the plaintiff. See Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. Courts construe a pro se plaintiff's complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); see also Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) ("In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." (quoting Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988))). Even

so, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## IV.
## DISCUSSION

As noted, Defendants move for judgement on the pleadings, arguing: (1) the FAC fails to allege sufficient facts to state a cognizable Eighth Amendment or Fourteenth Amendment claim; and (2) Defendants are entitled to qualified immunity. The undersigned recommends granting Defendants' Motion for the reasons set forth below.

**A.   The FAC Fails to State an Eighth Amendment Violation**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. Amend. VIII. A prison official may be liable for an Eighth Amendment violation if the plaintiff plausibly alleges that such official, acting with "deliberate indifference" to a serious medical need, caused actionable harm. Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1068 (9th Cir. 2016) (en banc) (distinguishing Eighth Amendment and Fourteenth Amendment deliberate indifference standards); Iqbal, 556 U.S. at 678. In the Eighth Amendment context, a "prison official acts with 'deliberate indifference . . . only if the [official] knows of and disregards an excessive risk to inmate health and safety.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Gibson v. Cnty. of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002), overruled on other grounds by Castro, 833 F.3d at 1076). In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

However, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Id. at 844. In addition, when a defendant holds a supervisory position at a prison, the causal link between the defendant and the claimed Eighth Amendment violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (per curiam); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (per curiam). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey, 673 F.2d at 268.

As an initial matter, overcrowding, by itself, is not a constitutional violation. Doty v. Cnty. of Lassen, 37 F.3d 540, 544 n.1 (9th Cir. 1994); Hoptowit v. Ray, 682 F.2d 1237, 1249 (9th Cir. 1982) (noting that overcrowding itself is not an Eighth Amendment violation but it can, under certain circumstances, result in specific effects which can form the basis for a constitutional violation), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995); see Balla v. Idaho State Bd. of Corr., 869 F.2d 461, 471 (9th Cir. 1989) (finding that allegations of prison overcrowding alone are insufficient to state a claim under the Eighth Amendment). An overcrowding claim is cognizable only if the plaintiff alleges that crowding has caused an increase in violence, has reduced the provision of other constitutionally required services, or has reached a level rendering the institution no longer fit for human habitation. See Balla, 869 F.2d at 471; see, e.g., Akao v. Shimoda, 832 F.2d 119, 120 (9th Cir. 1987) (per curiam) (as amended) (reversing district court's dismissal of claim that overcrowding caused increased stress, tension, and communicable disease among inmate population); Toussaint v. Yockey, 722 F.2d 1490, 1492 (9th Cir. 1984) (affirming that Eighth Amendment violation may occur as result of

overcrowded prison conditions, "double-celling," causing increased violence, tension, and psychiatric problems).

Although overcrowding by itself may not rise to the level of an Eighth Amendment violation, prison officials may not act with deliberate indifference toward harm caused to inmates by communicable diseases. See, e.g., Helling v. McKinney, 509 U.S. 25, 33 (1993) (finding that prison officials may not "be deliberately indifferent to the exposure of inmates to a serious, communicable disease"); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007) (recognizing an Eighth Amendment claim based on alleged policy of not screening inmates for serious infectious diseases and for housing contagious and healthy individuals together during a known "epidemic of hepatitis C"); Maney v. Brown, 516 F. Supp. 3d 1161, 1179 (D. Or. 2021) (collecting cases recognizing prison officials' duty to protect inmates from exposure to communicable diseases under the Eighth Amendment).

As to the risks posed by COVID-19, "no one questions that [COVID-19] poses a substantial risk of serious harm to [prisoners]." Plata v. Newsom, 445 F. Supp. 3d 557, 559 (N.D. Cal. 2020). To state a cognizable Eighth Amendment claim regarding COVID-19 prison conditions, a complaint must contain more than generalized allegations that a warden has not done enough to enforce six-feet social and living distancing to control the spread of COVID-19. See Benitez v. Sierra Conservation Ctr., Warden, 2021 WL 4077960, at *5 (E.D. Cal. Sept. 8, 2021), report and recommendation adopted, 2021 WL 4593841 (E.D. Cal. Oct. 6, 2021); McKissick v. Gastelo, 2021 WL 2895679, at *5 (C.D. Cal. July 9, 2021); Sanford v. Eaton, 2021 WL 1172911, at *6 (E.D. Cal. Mar. 29, 2021) (finding that in order to state a cognizable Eighth Amendment claim against the warden, Plaintiff must provide more than general allegations that the warden has "not done enough regarding overcrowding to control the spread [of COVID-19]").

In examining whether a prison official subjectively acted with deliberate indifference to the risk of COVID-19, the key inquiry is not whether the official responded perfectly, complied with every CDC guideline, or completely averted the risk; instead, the key inquiry is whether she "responded reasonably to the risk." Benitez, 2021 WL 4077960, at *5; see also Plata, 445 F. Supp. 3d at 564 ("The question is whether [p]laintiffs have demonstrated that [d]efendants' response to the COVID-19 epidemic is unreasonable."). A prison official responds reasonably to the risk when she has "not disregarded a known risk or failed to take any steps to address the risk," even if the prison's response has been inadequate. Benitez, 2021 WL 4077960, at *6.

As noted, to state a civil rights claim under Section 1983, Plaintiff must allege, among other things, a causal link between Defendants' action or inaction and Plaintiff's alleged constitutional harm. The requisite causal connection can be established when a person (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation;" or (2) "set[s] in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Lacey v. Maricopa Cnty., 693 F.3d 896, 915 (9th Cir. 2012) (en banc) (internal citation omitted). "Even if a supervisory official is not directly involved in the allegedly unconstitutional conduct, a supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." Keates v. Koile, 883 F.3d 1228, 1243 (9th Cir. 2018) (internal citation, alterations, and quotations omitted).

Here, Plaintiff has failed to plausibly allege facts showing such a causal link between his alleged harm and the action or inaction of Defendants. The

FAC does not articulate any specific conduct by Defendants or explain how Defendants personally participated in the decision to not reduce dorm capacity. Rather, Plaintiff makes a general allegation that Defendants, in their supervisory capacity as CMC's wardens, did not do enough to enforce social distancing and abate the spread of COVID-19, causing him to contract COVID. To the extent Plaintiff roots his claim solely on Defendants' status as warden, this conclusory allegation fails because it is based on respondeat superior, which is not, by itself, a cognizable basis of liability under Section 1983. See Iqbal, 556 U.S. at 677; see also Burgess v. Newsom, 2021 WL 4061611, at *3 (E.D. Cal. Sept. 7, 2021) ("Although [p]laintiff mentions the inability to social distance, he has failed to allege the causal link between [the warden] and the claimed constitutional violation which must be specifically alleged."), report and recommendation adopted, 2021 WL 4975140 (E.D. Cal. Oct. 25, 2021); McKissick, 2021 WL 2895679, at *6 (finding that plaintiff failed to state a cognizable Eighth Amendment claim by generally stating that defendant prison guard had failed to implement six-feet social distancing and living in the prison dorms). Nor does the FAC allege Defendants' direct participation in a constitutional violation, acquiescence in the constitutional deprivation, or a reckless or callous indifference to the rights of others. See McKissick, 2021 WL 2895679, at *6. Accordingly, the FAC does not state a claim for direct or supervisory liability against Defendants.

Further, even assuming Plaintiff had plausibly alleged a causal connection between Defendants' actions and Plaintiff's constitutional harm, the FAC would nonetheless be inadequate because Plaintiff has failed to show Defendants acted with deliberate indifference. As discussed above, CMC's inability to follow all applicable CDC guidelines does not show that Defendants acted with deliberate indifference towards Plaintiff's health so long as they instituted reasonable measures designed to lower inmates' risk of

contracting COVID-19. See Hernandez v. Covello, 2022 WL 1308194, at *4 (E.D. Cal. May 2, 2022) (finding that a generalized claim that the warden did not do enough "to permit social distancing in prisons is insufficient to establish the more culpable state of mind of deliberate indifference"). The FAC details some of the reasonable measures CMC implemented to reduce the spread of COVID-19, including quarantine, testing, and dorm-reconfiguration. See Benitez, 2021 WL 4077960, at *6 (observing that quarantine, isolation, vitals check, and housing movement were reasonable measures the prison implemented to protect inmates from the risks of contracting COVID-19). Although these measures did not eliminate the risk of contracting COVID-19 at CMC, CMC's implementation of these measures demonstrates that Defendants did not act with deliberate indifference towards the risks posed by COVID-19. See Lucero-Gonzalez v. Kline, 464 F. Supp. 3d 1078, 1090 (D. Ariz. 2020) (finding that the "[t]he very fact" that defendants enacted policies to respond to COVID "supports that they have not been subjectively indifferent to the risks posed by COVID-19" to inmates).

      Accordingly, general allegations, like Plaintiff's, of a failure to reduce dorm capacity to allow for six-feet social distancing are insufficient to state an Eighth Amendment violation when the FAC shows CMC staff took other reasonable steps to decrease the transmission of COVID-19. See Vaught v. Phillips, 2020 WL 5544221, at *5 (S.D. Cal. Sept. 16, 2020) ("[T]he [c]ourt finds that [p]laintiff's opinion that social distancing is the only way to prevent the spread of the virus is a difference of opinion with [prison] officials, and he has not alleged that any of the named [d]efendants acted with deliberate indifference to his plight by 'knowing of and disregarding an excessive risk to health and safety' with respect to the decision to prevent the spread of the virus with other methods." (citing Farmer, 511 U.S. at 837)); see also Plata, 445 F. Supp. 3d at 564 (finding that defendants did not act unreasonably by failing to

create eight person cohorts in the dorms because defendants had "implemented several [other] measures to promote increased physical distancing, including reducing the population, transferring inmates out of dormitory housing to less crowded spaces, restricting movement, eliminating mixing of inmates from different housing units, and placing six-foot markers in communal areas"); cf. Maney v. Brown, 464 F. Supp. 3d 1191, 1211 (D. Or. 2020) (observing that the court cannot fault a prison, which has no control over the number of inmates sent to its institution, for "failing at the impossible task of maintaining six feet between all [inmates] at all times").

Further, to the extent Plaintiff claims Samuel acted with deliberate indifference by allowing his grievance claims to expire, this claim fails because "[i]nvolvement in reviewing an inmate's administrative appeal does not necessarily demonstrate awareness of an alleged violation, or contribute to the underlying violation." Griffiths v. Tolson, 2016 WL 6648652, at *4 (E.D. Cal. Nov. 10, 2016) (citing Peralta v. Dillard, 744 F.3d 1076, 1086-87 (9th Cir. 2014) (en banc)); see Hernandez v. Cate, 918 F. Supp. 2d 987, 1015 (C.D. Cal. 2013) (finding that a prisoner "does not have a constitutional right under the Eighth Amendment or otherwise to have his administrative appeal processed or decided in a particular manner"). Nor does Plaintiff's claim that Gastelo misrepresented the dorm configuration to Head Office amount to a showing of deliberate indifference because Plaintiff's misrepresentation claim appears to be a state law claim that is not a cognizable cause of action under § 1983. See Bland v. California, 2021 WL 4776681, at *2 (E.D. Cal. Oct. 13, 2021) (finding plaintiff's misrepresentation claim failed to state a cognizable cause of action under § 1983 because the claim did not "implicate the violation of a federal statutory or constitutional right"). The FAC thus fails to allege Defendants acted with deliberate indifference.

In sum, the Court does not discount Plaintiff's alleged suffering from having contracted COVID-19 while housed in CMC's facilities. The FAC, however, does not plausibly allege facts showing that Defendant violated the Eighth Amendment.[2] Thus, the FAC, as pled, fails to state a claim upon which relief may be granted.[3] Judgment on the pleadings is therefore proper because Defendants clearly established on the face of the pleadings that no material issue of fact remains to be resolved and that they are entitled to judgment as a matter of law. Hal Roach Studios, 896 F.2d at 1550 (9th Cir. 1989); see also Downing v. SBE/Katsuya USA, LLC, 2022 WL 1016665, at *3 (C.D. Cal. Apr. 5, 2022) (granting defendant's motion for judgment on the pleadings because plaintiff failed to state a claim under the Americans with Disabilities Act, entitling defendant to judgment as a matter of law).

//

---

[2] To the extent Plaintiff claims Defendants violated his Fourteenth Amendment rights by failing to implement social distancing, this claim fails because it is duplicative of his Eighth Amendment claim. The Supreme Court has held that, "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." United States v. Lanier, 520 U.S. 259, 272 n.7 (1997); see also Albright v. Oliver, 510 U.S. 266, 273 (1994) (plurality opinion) ("Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)) (footnote omitted)). Accordingly, because Plaintiff's substantive due process claim premised on the conditions of confinement is "covered by" the Eighth Amendment, Plaintiff has failed to state a cognizable claim under the Fourteenth Amendment. See Lanier, 520 U.S. at 272 n.7.

[3] As the Court determined Plaintiff failed to state a constitutional violation, Defendants are entitled to qualified immunity. See District of Columbia v. Wesby, 583 U.S. --, 138 S. Ct. 577, 589 (2018) (observing that officials are entitled to qualified immunity unless: (1) the defendant violated a federal statutory or constitutional right, and (2) the unlawfulness of his or her conduct was "clearly established at the time") (citation omitted).

B. **Further Leave to Amend Is Not Warranted**

Plaintiff has had two opportunities to state a claim. The defects set forth above are not the result of inartful pleading. Further amendment here would be futile. Accordingly, the Court recommends granting Defendants' Motion without further leave to amend. See, e.g., Fid. Fin. Corp. v. Fed. Home Loan Bank of S.F., 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint."); Ismail v. Cnty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012).

## V.

## RECOMMENDATION

IT THEREFORE IS RECOMMENDED that the District Court issue an Order: (1) approving and accepting this Report and Recommendation; (2) granting Defendants' Motion for Judgment on the Pleadings (Dkt. 57); and (3) directing that Judgment be entered dismissing this action with prejudice.

Dated: August 23, 2022

_____
JOHN D. EARLY
United States Magistrate Judge