O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEDFORD LEON KERSH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOSIE GASTELO,<br><br>　　　　Defendant. | Case No. 2:21-cv-01921-CAS (JDE)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed the records and files herein, including the first amended complaint (Dkt. 43, "FAC"), defendants' motion for judgment on the pleadings (Dkt. 57 "Mot."), plaintiff's opposition brief (Dkt. 58 "Opp."), defendants' reply brief (Dkt. 28 "Reply"), the Report and Recommendation of the United States Magistrate Judge (Dkt. 61, "Report"), and petitioner's Objections to the Report (Dkt. 62, "Objection"). Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a *de novo* review of the matters to which objections have been stated. Plaintiff's assertions and arguments have been reviewed carefully. The Court, however, concludes that nothing set forth in the Objection or otherwise in the record for this case affects,

alters, or calls into question the findings and analysis set forth in the Report. Therefore, the Court concurs with and accepts the findings and recommendations of the Magistrate Judge.

Plaintiff is a prisoner in the custody of the California Men's Colony State Prison ("CMC"). Plaintiff had previously filed a complaint that was dismissed by this Court on April 6, 2022, dkt. 43. Presently before the Court is plaintiff's first amended complaint against defendants Josie Gastelo, former warden of CMC, and D. Samuel, Chief Deputy Warden of CMC. In the first amended complaint, plaintiff alleges that defendants violated his Eighth and Fourteenth Amendment rights by failing to follow state and federal guidelines to reduce prison dorm capacity to provide for six feet of distance between beds, for knowing of the presence of black mold in dorm two, and for allowing plaintiff's CMC grievance appeal to expire (thereby precluding CMC from being required to respond to his claims). See generally FAC.

Pursuant to Federal Rule of Civil Procedure 12(c), defendants moved for judgment on the pleadings on the grounds that the FAC fails to state a constitutional claim and that defendants are entitled to qualified immunity. See Mot. Here, the Magistrate Judge recommends that defendants' motion be granted and the FAC be dismissed with prejudice on the basis that plaintiff fails to state a claim. See generally Report.

Plaintiff's Objection essentially centers on the basis that he be granted leave to amend or the opportunity to conduct discovery against defendants, citing recent expert testimony and orders in other COVID-19 prison litigation. See Objection at 3–6.[1]

---

[1] Plaintiff also claims that because he only received the Magistrate Judge's Report by mail on the evening of Friday, September 9, 2022 with his objection due

The Court finds and concludes that plaintiff's objections are without merit. To start, judgment on the pleadings is proper if the moving party "clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that [the moving party] is entitled to judgment as a matter of law." Hal Roach Studios v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989). Here, as the Magistrate Judge explains, "FAC does not articulate any specific conduct by Defendants or explain how Defendants personally participated in the decision to not reduce dorm capacity." Id. at 11. "Rather, Plaintiff makes a general allegation that Defendants, in their supervisory capacity as CMC's wardens, did not do enough to enforce social distancing and abate the spread of COVID-19, causing him to contract COVID." Id. (citing Burgess v. Newsom, 2021 WL 4061611, at *3 (E.D. Cal. Sept. 7, 2021) ("Although [p]laintiff mentions the inability to social distance, he has failed to allege the causal link between [the warden] and the claimed constitutional violation which must be specifically alleged."), report and recommendation adopted, 2021 WL 4975140 (E.D. Cal. Oct. 25, 2021)).

Additionally, the Magistrate Judge noted that the FAC lists other reasonable

---

by Monday, September 12, 2022, that the prison's closure of the law library over that weekend constituted a violation of his equal protection and due process rights. See Objection at 2. However, plaintiff did not request an extension of time, was still able to file papers with the court, and "the facts remain that Plaintiff does have access to the law library and the method of law library access is not an exceptional circumstance unique to Plaintiff as it is common to many prisoners." Mascrenas v. Wagner, No. 19CV2014-WQH(BLM), 2020 WL 4436358, at *3 (S.D. Cal. Aug. 3, 2020), reconsideration denied, No. 19CV2014-WQH(BLM), 2020 WL 5423889 (S.D. Cal. Sept. 10, 2020).

measures CMC implemented in response to COVID-19, such as quarantine, testing, and dorm-reconfiguration such that CMC's inability to follow all applicable CDC guidelines does not show that Defendants acted with deliberate indifference towards Plaintiff's health so long as they instituted reasonable measures designed to lower inmates' risk of contracting COVID-19." Id. at 11–12 (citing Hernandez v. Covello, 2022 WL 1308194, at *4 (E.D. Cal. May 2, 2022)).

Any further amendment is futile here because even when taking the FAC's allegations of fact as true and construed in the light most favorable to plaintiff, plaintiff is unable to state a claim under the law. See also Mot. at 12 ("And, so far as Defendants are aware, at the time Plaintiff's claims arose, there was no federal case law requiring wardens to reduce dorm capacity to twenty persons—or by any particular amount—in response to COVID-19.").

Having completed its review, the Court accepts the findings and recommendations set forth in the Report. In accordance with the foregoing, the Court **GRANTS** defendants' motion for judgment on the pleadings and directs that judgment be entered dismissing this action with prejudice.

Dated: November 4, 2022____

_____
CHRISTINA A. SNYDER
United States District Judge